IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STANLEY EDOUARD,

    Plaintiff,

v.

MILLER'S ALE HOUSE, INC.,

    Defendant.

_____/

GENERAL JURISDICTION DIVISION

CASE No.: 13-24788-CA-01

## COMPLAINT

COMES NOW, the Plaintiff, STANLEY EDOUARD (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant MILLER'S ALE HOUSE, INC., (hereinafter "Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages in excess of $15,000, declaratory and injunctive relief and damages under the Florida Civil Rights Act of 1992 (FCRA) and Florida Statute Section 760 to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of race and retaliation for complaints of discrimination. This is an action brought under Chapter 760, Florida Statutes.

2. Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorney's fees, costs and damages.

3. Plaintiff continues to be, a resident of Miami-Dade County, Florida.

4. Plaintiff was an employee of Defendant, performing the duties of a non-exempt service manager in Coral Gables, Dade County, Florida.

1

RECEIVED
JUL 3 1 2013
Per_____

5. Defendant was a "person" and/or an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*, and 42 U.S.C. § 1981 since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*

7. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*

8. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla. *Stat. Section 760, et seq.*

9. Venue is proper in the Dade County because the Defendant keeps offices, and the actions occurred in Dade County, within the jurisdiction of this Honorable Court.

10. Plaintiff is a Black individual and is a member of a class of persons protected from discrimination in his employment under the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

11. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

12. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

2

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff was hired by Defendant to be a non-exempt service manager in and around August 29, 2011.

14. At all material times, Defendant knew Plaintiff to be a Black individual.

15. Throughout Plaintiff's employment, Plaintiff was required to work more hours than non-Black individuals who were similarly-situated.

16. Plaintiff received less compensation, despite his experience and education, than his non-Black comparators.

17. Plaintiff was required to engage in and/or cover menial duties, such as dishwashing or cleaning bathrooms, based on his race where non-Black employees were not required.

18. Plaintiff was informed by his supervisors Brad Herrell or Billy Kicklighter that Plaintiff must engage in these menial duties because of his race.

19. On or about February 10, 2012, Plaintiff engaged in the same daily actions that non-Black employees were allowed to but was chastised for it. Upon informing his supervisors that other employees [who were non-Black] engaged in the same actions and complaining about the disparate treatment, Plaintiff was terminated.

20. Plaintiff complained to the general manager Billy Kicklighter about racism at work while working for Defendant just about one week before Plaintiff was terminated in retaliation for these complaints.

21. Plaintiff was fired in retaliation for complaints of racism to his manager.

22. The short period of time between the complaints of racism and the termination is so small (about one week) that an inference is supported that Plaintiff was fired for his complaints.

3

23. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I.
## DISCRIMINATION BASED ON RACE
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

25. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or, otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

26. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

27. The Plaintiff is a Black male and he possessed the requisite qualifications and skills to perform his position with Defendant.

28. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Black employees were allowed better work opportunities.

29. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

4

30. Moreover, as a further result of the Defendant unlawful race based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

31. Plaintiff was qualified for his position with Defendant.

32. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his race in the terms, conditions, and privileges of employment.

33. Defendant retaliated against Plaintiff after complaints of race discrimination and failed to address complaints of discrimination.

34. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race.

35. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

5

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

## COUNT II. DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. §1981

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

37. At all times material hereto Defendant was an "employer" within the meaning of Section 42 U.S.C. §1981.

38. At all times material hereto, Plaintiff was an "employee" within the meaning of 42 U.S.C. §1981

39. The Plaintiff had been employed by Defendant.

6

40. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

41. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

42. Plaintiff stopped working for her employer due to problems stemming from discrimination.

43. The Defendant has engaged in a pattern of continuous discrimination against Plaintiff.

44. During the course of his employment with the Defendants, the Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination by Defendant's agents.

45. For example, Plaintiff was repeatedly subjected to verbal insults directed at her race status as a Black individual and Haitian individual.

46. Defendant crafted and implemented a plan to eventually create an impossible working environment for Plaintiff based on Race discrimination. Defendant also created a subterfuge in an attempt to hide their blatant and unlawful discriminatory motivation.

47. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of her race.

48. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.

49. Defendant, and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

50. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

7

51. The actions and language of the Defendant, were so severe and pervasive as to alter the terms, conditions and/or privileges of her employment with the Defendant, and thereby creating a hostile work environment.

52. The actions of the Defendant were based upon the Plaintiff being of the Black Race and also a Black/Haitian individual. The Defendant subjected the Plaintiff to race and national origin based animosity.

53. The Plaintiff would have continued in her form of employment with entitlement to her wages and benefits but for the discriminatory conduct of the Defendant.

54. When the Defendant terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff. The Defendant did so despite the knowledge of those employees engaging in discriminatory actions and/or comments and thereby fostering a hostile work environment for Black employees like Plaintiff.

55. Moreover, a White individual replaced the Plaintiff's position after her termination.

56. The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, she would not have been the object of discrimination.

57. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of her employment and has been exposed to ridicule and embarrassments and she has suffered emotional distress and damage.

58. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

8

59. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that her psychological well-being was seriously affected when the work place became hostile.

60. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of her statutory right under federal law.

61. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

62. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

63. The Plaintiff has retained undersigned counsel to prosecute his claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and Award Plaintiff as to this count prejudgment interest; and Award Plaintiff damages for the amount of the costs of litigation and filing

including attorney's fees; and Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages. Plaintiff demands a trial by jury.

## COUNT III. HOSTILE WORK ENVIRONMENT BASED ON RACE IN VIOLATION OF 42 U.S.C. §1981

64. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

65. At all times material hereto Defendant, was an "employer" within the meaning of Section 42 U.S.C. §1981.

66. At all times material hereto, Plaintiff was an "employee" within the meaning of 42 U.S.C. §1981.

67. At all timer material here to, Plaintiff belongs to a protected group pursuant to 42 U.S.C. §1981.

68. The Plaintiff had been employed by Defendant.

69. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

70. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

71. The Defendant has engaged in a pattern of continuous unwelcomed racial based discrimination against Plaintiff.

72. During the course of his employment with the Defendant, Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination by Defendant's agents, specifically being subjected to racial insults.

73. This discrimination was overt, abusive and denigrating, creating an atmosphere of workplace hostility.

74. For example, and not limited to this incident, Plaintiff was repeatedly subjected to verbal insults directed at his race.

75. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of his race.

76. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant, through its supervisory personnel, was aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

77. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

78. The actions and language of the Defendant were severe and pervasive as to alter the terms, conditions and/or privileges of his employment with the Defendant, and thereby creating a hostile work environment.

79. The actions of the Defendant were based upon the Plaintiff being in the black race. The Defendant subjected the Plaintiff to race based animosity.

80. The Plaintiff would have continued in her form of employment with entitlement to his wages and benefits but for the discriminatory conduct of the Defendant.

11

81. The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, he would not have been the object of discrimination.

82. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of his employment and has been exposed to ridicule and embarrassments and he has suffered emotional distress and damage.

83. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were all in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

84. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that his psychological well-being was seriously affected when the work place became hostile.

85. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of his statutory right under federal law.

86. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

87. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

88. The Plaintiff has retained undersigned counsel to prosecute his claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court: Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and Award Plaintiff as to this count prejudgment interest; and Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages. Plaintiff demands a trial by jury.

## COUNT IV:
## RETALIATION IN VIOLATION OF 42 U.S.C. §1981

89. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

90. Plaintiff and Defendant had a contractual relationship.

91. Defendant precluded Plaintiff from performing the stated contractual relationship when Defendant failed to provide benefits and fired Plaintiff in retaliation for complaints of race discrimination.

92. Defendant's discrimination and termination of Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on race as more particularly described above.

93. Plaintiff was unable to enjoy all the benefits, privileges, terms and conditions of the contractual relationship.

94. Defendant has acted with malice and/or reckless disregard for Plaintiff's protected rights.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

   A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

   B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

   C. Award Plaintiff as to this count prejudgment interest; and

   D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

   E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

   F. Plaintiff demands a trial by jury.

Dated: July 23, 2013

Respectfully submitted,

*/s/ Jason S. Remer*

Jason S. Remer, Esq.
Florida Bar No.: 0165580
Brody M. Shulman, Esq.
Florida Bar No.: 092044

Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Stanley Edouard<br>14325 SW 166 Terr.<br>Miami, FL 33177 | From: Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2012-02718 | Ines Lozano, Investigator | (305) 808-1773 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Malcolm S. Medley,
District Director

MAY 2 9 2013
(Date Mailed)

Enclosures(s)

cc: Keith L. Hammond
JACKSON LEWIS, LLP
390 N Orange Avenue
Suite 1285
Orlando, FL 32801

Jeffrey Goodz
Remer & George-Pierre, PLLC
Biscayne Centre, Ste. 288
11900 Biscayne Blvd.
Miami, FL 33181

RECEIVED
JUL 3 1 2013
Per

# CT Packing Slip

**CT Corporation**

**FedEx Tracking # :** 796332067834
**Created By :** Lokesh Singh
**Created On :** 07/26/2013 09:39 PM
**Recipient :**

Title : --
Customer : MILLER'S ALE HOUSE, INC.
Address : 612 N.Orange Avenue
Email : vensinger@millersalehouse.com
Phone : 561-743-2299    Fax : 561-354-2517

**Package Type :** Envelope
**Items shipped :** 1

Entity Name: Miller's Ale House, Inc.

1324788CA01

523190619